# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHRISTOPHER EASTRIDGE,

    Plaintiff,

v.

CAROLINA BROST,

    Defendant.

Civil Action No. TDC-18-3770

## MEMORANDUM ORDER

Plaintiff Christopher Eastridge, who is self-represented, has filed this civil action against Carolina Brost alleging discrimination and tort claims arising out of his federal employment on Joint Base Andrews, Maryland. The Court construes his Complaint as raising claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 (2012), the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796 (2012), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80 (2012). Pending before the Court is a Motion to Substitute the United States as Defendant and Dismiss the Complaint filed by the United States of America ("the Government"). Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion shall be granted.

## BACKGROUND

Eastridge is a federal employee at Joint Base Andrews. On September 17, 2018, Eastridge made an inquiry to the Equal Employment Opportunity ("EEO") Office at Joint Base Andrews about filing a complaint of employment discrimination. He then filed the instant action in the

District Court of Maryland for Prince George's County on October 23, 2018. Eastridge labeled his Complaint a tort action and alleges that Brost, his supervisor, engaged in:

> Sexual harassment, bullying, hostile work environment, violating ADA rights. Not allowing me to go to work to a safe environment to do my job and earn money to provide for my family. Threats have been made on my safety and also when asked for accommodations I was denied which are my right by Federal & State Law. Loss of wages due to discrimination.

Compl. 1, ECF No. 1-4.

One week later, on October 30, 2018, Eastridge filed a formal EEO complaint with the United States Department of Defense ("DOD") which lists substantively the same allegations as those in the lawsuit he had filed in state court. In his EEO complaint, Eastridge checked the boxes for discrimination on the basis of race (Hispanic), color (olive), sex (male), age (born in 1985), disability (mental), sexual harassment, and reprisal for previous EEO activity. DOD accepted the EEO complaint for investigation on November 7, 2018 and stated that it would complete its investigation within 180 days, or by April 29, 2018.

On December 7, 2018, while the DOD investigation was still pending, the Government removed Eastridge's state court case to this Court. After Eastridge failed to appear at a case management conference, the Court granted the Government leave to file the pending Motion. Eastridge never filed a memorandum in opposition to the Motion.

## DISCUSSION

In its Motion, the Government argues that: (1) the Government should be substituted for Brost as the proper Defendant; (2) Eastridge's FTCA claims are barred by the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 1201 *et seq.* (2012); and (3) Eastridge's Title VII and Rehabilitation Act claims should be dismissed because Eastridge has not exhausted available administrative remedies.

2

## I. Substitution of Parties

The Government argues that the United States should be substituted in place of Brost, who should be dismissed from the case. For FTCA claims, a substitution is warranted when the Attorney General has certified that a defendant employee was acting within the scope of employment at the time of the incident in question. *See* 28 U.S.C. § 2679(d)(1). The Attorney General has delegated the authority to make such a certification to the United States Attorneys. *See* 28 C.F.R. § 15.4(a) (2018). The Government has attached such a certification by the United States Attorney for the District of Maryland to its Motion. For Title VII claims based on employment discrimination, supervisors are not liable in their individual capacities. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Thus, both Title VII and the Rehabilitation Act permit a federal employee to file a civil action asserting employment discrimination claims against only "the head of the department, agency, or unit." 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1) (applying Title VII's procedures set forth in 42 U.S.C. § 2000e-16(c) to Rehabilitation Act claims). Accordingly, the Court will grant the Government's request to substitute the United States as the proper Defendant for the tort claims and the Secretary of Defense as the proper Defendant for the employment discrimination claims.

## II. FTCA Claims

The Government moves to dismiss Eastridge's FTCA claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter

jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

The Government argues that Eastridge's FTCA claim must be dismissed because the CSRA preempts any tort claims premised on conduct alleged to have occurred in connection with a plaintiff's federal employment. Congress enacted the CSRA in part to create "an elaborate new framework for evaluating adverse personnel actions against federal employees." *United States v. Fausto*, 484 U.S. 439, 443 (1988) (citation omitted). The United States Court of Appeals for the Fourth Circuit has held that the CSRA "constitutes the exclusive remedy for claims arising out of federal employment," even if relief may be available under other statutes. *See Hall v. Clinton*, 235 F.3d 202, 203–06 (4th Cir. 2000) (holding that the CSRA operates "to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship"). Under this preemption rule, FTCA claims that challenge federal employment decisions are barred. *See, e.g., Mahtesian v. Lee*, 406 F.3d 1131, 1134 (9th Cir. 2005) (holding that if challenged conduct "falls within the scope of the CSRA's prohibited personnel practices, then the CSRA's administrative procedures are [the plaintiff's] only remedy and the federal courts cannot resolve [the] claims

under . . . the FTCA"); *see also Nguyen v. U.S. Dep't of Defense*, 39 F.3d 1178, 1994 WL 582642, at *1 (4th Cir. Oct. 25, 1994) (per curiam) ("A plaintiff may not avoid the CSRA by cloaking his lawsuit in the guise of an FTCA action." (citation omitted)); *Kennedy v. United States*, No. CCB-14-914, 2014 WL 3700350, *2 (D. Md. July 23, 2014) (dismissing an FTCA discrimination claim as precluded, in part, by the CSRA). Here, any FTCA claim is premised on interactions between Eastridge and his supervisor in a federal workplace and relate to certain employment decisions by Brost, such as denying Eastridge's request to visit the hospital or EEO Office during duty hours. Accordingly, the Court finds that Eastridge's FTCA claim is preempted by the CSRA. *See Hall*, 235 F.3d at 205.

Under the CSRA, where a federal employee challenges an adverse employment action that falls within the jurisdiction of the Merit Systems Protection Board ("MSPB") and includes allegations of discrimination, the federal employee may either file an EEO complaint with the employing agency, 29 C.F.R. § 1614.103(a) (2018), or the employee may file a "mixed case appeal" of the final agency decision with the MSPB, 29 C.F.R. § 1614.302(b). *See also Pueschel v. Peters*, 577 F.3d 558, 563 (4th Cir. 2009). If the employee elects to file an EEO complaint, as it appears Eastridge has done here, the employee may appeal the final agency decision on that complaint to a United States District Court directly, or to the United States Equal Employment Opportunity Commission first and then to federal district court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.401(a), 1614.407; *Laber v. Harvey*, 438 F.3d 404, 416 & n.9 (4th Cir. 2006). As discussed below, to the extent that Eastridge attempted to comply with the CSRA by filing an EEO complaint with DOD, his lawsuit is premature and any claims premised on discrimination in the federal workplace will be dismissed without prejudice.

## III. Discrimination Claims

To the extent that Eastridge's Complaint asserts claims pursuant to Title VII and the Rehabilitation Act, such claims are not preempted by the CSRA and may be brought by a federal employee alleging discrimination in the federal workplace. *See Pueschel v. United States*, 369 F.3d 345, 353 (4th Cir. 2004) (holding that Title VII is "the exclusive judicial remedy for claims of discrimination in federal employment"); *Brown v. Henderson*, 6 F. App'x 155, 156 (4th Cir. 2001) (upholding dismissal of a claim of disability discrimination under the Americans with Disabilities Act of 1990 against the United States Postal Service because the claim had to be brought under the Rehabilitation Act); *see also Spence v. Straw*, 54 F.3d 196, 202 (3d Cir. 1995) (dismissing an equal protection claim because "the Rehabilitation Act provides the exclusive means by which a litigant may raise claims of discrimination on the basis of handicap by federal agencies").

Nevertheless, the Government argues that Eastridge's Title VII and Rehabilitation Act claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) as premature because Eastridge's Complaint was filed before the agency issued a final decision as to Eastridge's EEO complaint or 180 days had passed from the date that he filed his formal EEO complaint. The Fourth Circuit has recently held that motions to dismiss Title VII and Rehabilitation Act claims in the federal employment context as premature should be brought pursuant to Rule 12(b)(6) rather than Rule 12(b)(1) because the 180-day waiting period under 42 U.S.C. § 2000e-16(c) is a non-jurisdictional rule. *See Stewart v. Iancu*, 912 F.3d 693, 701-02 (4th Cir. 2019). Accordingly, the Court will review the Government's exhaustion argument under Rule 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

When deciding a motion to dismiss, a court may "take judicial notice of matters of public record" and may consider exhibits submitted with the motion "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, on the issue of whether Eastridge's Complaint was premature, the Government has submitted a copy of Eastridge's formal EEO complaint filed with the EEO Office on Joint Base Andrews. The Court will consider the EEO complaint because it is integral to the allegations in Eastridge's Complaint, it appears to cover the same conduct complained of in this case, and the Government has submitted a Declaration by its EEO Complaints Manager certifying its authenticity.

The EEO complaint is dated as filed on October 30, 2018, which means that Eastridge actually filed his EEO complaint one week *after* filing the instant action in the District Court of Maryland for Prince George's County. Thus, the Government could have moved to dismiss on the basis that Eastridge filed his Complaint without first filing a charge of discrimination with the appropriate administrative agency. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). In any event, it is clear that when Eastridge filed this lawsuit on October 23, 2018, 180 days had not yet passed from October 30, 2018, nor had the agency issued a final decision, given that Eastridge had yet to file his formal EEO complaint. Accordingly, the Court will dismiss

Eastridge's Title VII and Rehabilitation Act claims without prejudice for failure to exhaust administrative remedies. *See Lebron-Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 8-9 (1st Cir. 2003) (holding that dismissal of a Title VII claim for failure to exhaust should have been without prejudice to any later Title VII action brought by the plaintiffs on properly exhausted claims).

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. The Government's Motion to Substitute the United States as Defendant and Dismiss the Complaint, ECF No. 15, is GRANTED.

2. The United States of America is substituted as the Defendant for any FTCA claims, which are DISMISSED WITH PREJUDICE.

3. The Secretary of Defense is substituted as the Defendant for the Title VII and Rehabilitation Act claims, which are DISMISSED WITHOUT PREJUDICE.

4. The Clerk is directed to SEND a copy of this Memorandum Order to Eastridge.

5. The Clerk is directed to CLOSE this case.

Date: May 14, 2019

THEODORE D. CHUANG
United States District Judge